IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ELSON,

                      **Petitioner,**

      v.                                                                                             CASE NO. 22-3266-JWL-JPO

**RICE COUNTY JAIL[1],**

                      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Michael Elson, who is proceeding pro se, is a pretrial detainee being held at the Rice County Jail facing state criminal charges. His fee status is pending.

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed for the reasons stated below.

In his petition, Petitioner list four grounds for relief, three of which are related to his ongoing state court criminal prosecution. (Doc. 1, p. 6-7.) . Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James*

---

[1] Petitioner has named the Rice County Jail as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Bryant Evans, the current Sheriff of Rice County, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

*v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

In Grounds One, Two, and Four, Petitioner claims that he is being falsely imprisoned based on false allegations that he was involved in crimes of which he has already proved his innocence in Barton County, Kansas; that he is being held under excessive bail; and that individuals, including police officers, have committed perjury to support his improper arrest and the false charges against him. *Id.* In Ground Three of the petition, Petitioner alleges that he has been denied adequate medical care while at the Rice County Jail. *Id.* at 6. As relief, Petitioner asks the Court to do order his release, dismiss the charges pending against him, and compensate him for lost wages, pain and suffering, and the loss of his house. *Id.* at 7.

The Court first notes that Ground Three asserts a challenge to the conditions of Petitioner's confinement. But a habeas action such as this generally is not the appropriate avenue to challenge conditions of confinement. Rather, an action under 42 U.S.C. § 1983 is the proper avenue to bring such claims. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *See also Abdulhaseeb v. Ward*, 173 F. Appx. 658, 660 (10th Cir. 2006) (unpublished) ("[C]ounts relate[d] to the conditions of [the petitioner's] confinement, rather than the fact or length of his confinement, . . . are improperly brought pursuant to 28 U.S.C. § 2241 and should be brought under 42 U.S.C. § 1983."). Under Local Rule 9.1(a), § 1983 actions by prisoners must be initiated with a complaint filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send the appropriate form to Petitioner and, if Petitioner wishes, he may use the form to initiate a separate case to bring his claim of inadequate medical care. Ground Three is subject to dismissal from this action because it does not state a claim for which relief is available under 28 U.S.C. § 2241.

Grounds One, Two, and Four, however, challenge Petitioner's current detention, and 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Nevertheless, requests for pretrial federal habeas

corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918).

"[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act that was required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. under *Ex Parte Royall*, 117 U.S. 241, 251-52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith

without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention in a state criminal prosecution. Petitioner does not allege that the act for which the State of Kansas is charging him was done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims.

Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in the District Court of Rice County, Kansas. The criminal case against Petitioner is ongoing. *See* Online Records of Reno County, Kansas, Case No. 2021-CR-000044. The State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). And the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings against Petitioner in Rice County.

Petitioner is therefore directed to show cause, in writing, on or before November 21, 2022, why this matter should not be dismissed in its entirety because Ground Three fails to state an actional federal habeas claim and *Ex Parte Royall* and *Younger* require the Court to abstain from granting relief on Grounds One, Two, and Four. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Bryant Evans, Sheriff of Rice County, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, on or before November 21, 2022, why this matter should not be dismissed without prejudice for the

reasons set forth above. The clerk is directed to mail a § 1983 form and instructions to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 24th day of October, 2022, at Kansas City, Kansas.


S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge