IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL ELSON,**

                              **Petitioner,**

                v.                            **CASE NO. 22-3266-JWL-JPO**

**BRYANT EVANS,**

                              **Respondent.**

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Michael Elson, who proceeds pro se and in forma pauperis, is a pretrial detainee being held at the Rice County Jail facing state criminal charges. For the reasons explained below, this matter will be dismissed without prejudice.

Petitioner filed his petition on October 20, 2022. (Doc. 1.) The Court reviewed the petition as required by Habeas Corpus Rule 4 and determined that one of the four grounds for relief Petitioner asserts is a challenge to the conditions of Petitioner's confinement, which may not be brought in a habeas action and must be brought in an action under 42 U.S.C. § 1983. The three remaining grounds for relief challenge Petitioner's current detention. Although pretrial detention may be challenged under 28 U.S.C. § 2241, requests for pretrial federal habeas corpus relief are not favored and federal courts are largely prohibited from granting such relief. *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Ex Parte Royall*, 117 U.S. 241, 251-52 (1886). The petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention in a state criminal prosecution. Moreover, the three conditions in *Younger* under which federal courts must abstain from such intervention appear to be satisfied with respect to Petitioner's current criminal prosecution in the District Court of Rice County, Kansas.

1

Thus, on October 24, 2022, the Court issued a notice and order to show cause (NOSC) explaining that it appears that *Ex Parte Royall* and *Younger* require this Court to abstain from granting relief on Grounds One, Two, or Four and it also appears that Ground Three fails to state an actionable federal habeas claim. (Doc. 4.) The NOSC directed Petitioner to show cause, in writing, on or before November 21, 2022, why this matter should not be dismissed in its entirety for those reasons. It further cautioned that "[t]he failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner." *Id.*

The deadline set forth in the NOSC has passed and Petitioner has not responded. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the Court's orders, the Court concludes that this matter should be dismissed under Rule 41(b). In addition, in the absence of a response from Petitioner, the Court sees no reason to alter its prior conclusion that this matter is also subject to dismissal for the reasons set forth in the NOSC.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial

of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b) and for failure to state a claim on which federal habeas relief could be granted. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 2nd day of December, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge